*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0988**

Blake Riley Loss, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed April 8, 2024
Reversed
Wheelock, Judge**

Anoka County District Court
File No. 02-CV-23-765

Jennifer L. Pradt, St. Paul, Minnesota (for respondent)

Keith Ellison, Attorney General, Rebecca K. Webster, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Wheelock, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**WHEELOCK**, Judge

Appellant commissioner of public safety appeals the district court's decision to rescind an order revoking respondent's driving privileges, arguing that the district court improperly relied on the amount of time that passed between when respondent was driving

and the chemical test was administered. Because the district court relied on an improper basis for rescinding the revocation order, we reverse.

## FACTS

Officers stopped respondent Blake Riley Loss's vehicle on January 7, 2023, based on suspicion that he was driving while impaired. A little over two hours after the initial stop began, Loss took a urine test, which established that, at the time of the test, his alcohol concentration was 0.11. The State of Minnesota charged Loss with driving while impaired, and appellant Minnesota Commissioner of Public Safety revoked Loss's driver's license. Loss petitioned the district court for recission of the revocation under Minnesota Statutes section 169A.53, subdivisions 2 and 3 (2022). After a hearing, the district court rescinded the revocation order, determining that, because Loss's chemical test occurred more than two hours after Loss was driving, the results could not support a revocation.

The commissioner appeals.

## DECISION

The commissioner maintains that the district court erred as a matter of law when it rescinded the revocation order based on administration of the chemical test more than two hours after Loss was driving. Whether the district court correctly applied the implied-consent statutes presents a question of law subject to this court's de novo review. *Williams v. Comm'r of Pub. Safety*, 830 N.W.2d 442, 444 (Minn. App. 2013), *rev. denied* (Minn. July 16, 2013). Here, our de novo review leads us to conclude that the district court misapplied the law.

At the outset, we observe that it is unclear which of two statutes governed Loss's license revocation. Loss filed his petition under Minnesota Statutes section 169A.53 (2022), which generally governs judicial review of license revocations. But the commissioner argues the case under Minnesota Statutes section 171.177 (2022), the provision governing license revocations based on blood or urine samples obtained pursuant to a search warrant. Although it appears that Loss took a urine test, we see nothing in the record to suggest that the sample was obtained by search warrant. As a result, we are uncertain whether section 169A.53 or section 171.177 applies. The lack of clarity as to which statute applies, however, is irrelevant in this case because the dispositive statutory provisions are identical.

Both statutes outline the process and requirements for judicial review of the commissioner of public safety's decision to revoke a driver's license. Minn. Stat. §§ 169A.53, 171.177. Under both statutes, the scope of the hearing is limited to certain issues. As is relevant here, a hearing's scope includes the question: "If a test was taken by a person driving, operating, or in physical control of a motor vehicle, did the test results indicate at the time of testing: . . . an alcohol concentration of 0.08 or more[?]" Minn. Stat. §§ 169A.53, subd. 3(b)(8)(i), 171.177, subd. 12(b)(9)(i). The plain language of the statutes limits the scope of the question to the results *at the time of testing* and contains no reference to a two-hour limitation. The district court therefore erred in rescinding the revocation order based on an issue outside the scope of the hearing.

Our conclusion is consistent with the statute governing the bases for license revocation. Minnesota Statutes section 169A.52, subdivision 4(a) (2022), provides:

> Upon certification by the peace officer that there existed probable cause to believe the person had been driving, operating, or in physical control of a motor vehicle in violation of section 169A.20 (driving while impaired) and that the person submitted to a test and the test results indicate an alcohol concentration of 0.08 or more . . . then the commissioner shall revoke the person's license or permit to drive, or nonresident operating privilege[.]

A person violates Minnesota Statutes section 169A.20 (2022) by driving a motor vehicle when "the person's alcohol concentration at the time, or as measured within two hours of the time, of driving, operating, or being in physical control of the motor vehicle is 0.08 or more" *or* simply by driving a motor vehicle when "the person is under the influence of alcohol." Minn. Stat. § 169A.20, subd. 1(5), (1). Although subdivision 1(5) imposes a two-hour limit for measurement, subdivision 1(1) includes no such limit, meaning that an officer may still have probable cause to believe that the driver was intoxicated and administer a test notwithstanding the fact that the test was taken outside the two-hour window. *See Rohlik v. Comm'r of Pub. Safety*, 400 N.W.2d 791, 793 (Minn. App. 1987) (reaching the same conclusion based on an older version of the impaired-driving statute), *rev. denied* (Minn. Apr. 17, 1987). Loss made no argument at the hearing that the officer lacked probable cause to believe he was driving while intoxicated, relying only on the fact that the test was taken outside the two-hour window.

We conclude that the district court erred as a matter of law based on the plain language of the implied-consent statutes.

**Reversed.**